UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CONTAINER NAVIGATION CORPORATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NEW HOLLAND TIRE, Inc.,<br><br>　　　　Defendant. | Case No: C 10-02105 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Dkt. 6 |

Plaintiff brings this breach of contract action against Defendant. The parties are presently before the Court on Defendant's Motion to Transfer Venue. Dkt. 6. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.  **BACKGROUND**

Plaintiff, a California corporation, sells tires, rims, wheels, chassis, flooring, containers and refrigeration parts to trucking companies and their suppliers throughout the United States and Canada. Dkt. 8, Setschinsky Decl. ¶ 4; Dkt. 1, Ex. 1. In the spring of 2005, Plaintiff approached Defendant at its Pennsylvania headquarters and offered to sell Chinese-made "Sinostone" tires to Defendant. Id. ¶ 5. Defendant subsequently purchased many thousands of Sinostone tires from Plaintiff and distributed them to its customers along the East Coast. Id. ¶ 6.

Within a few months, Defendant's customers along the East Coast began to complain that the Sinostone tires were defective – that they were splitting and separating and causing blow-outs. Id. ¶ 7. Defendant contacted Plaintiff, requesting it to honor the tire warranties. Id. ¶ 8. In June 2006, Plaintiff sent a representative to Pennsylvania to negotiate a settlement

1  agreement. Id. ¶ 9. The parties entered into a settlement agreement on June 13, 2006, entitled
2  "TAL Settlement Policy." Dkt. 19, Kang Decl. ¶ 4.
3       Plaintiff filed this action on February 24, 2010 in the Superior Court of California,
4  County of Alameda. Dkt. 1. The complaint alleges claims for breach of contract and common
5  counts, arising from Defendant's alleged breach of the TAL Settlement Policy. Id., Ex. B, Ex.
6  A. Specifically, Plaintiff alleges that Defendant failed to return the defective tires and pay an
7  outstanding balance of $141,554.21 as required by the TAL Settlement Policy. Id., Ex. B at 2.
8  Defendant removed this action on May 17, 2010 based on diversity jurisdiction.
9       Now, Defendant moves to transfer this action to the U.S. District Court for the Eastern
10 District of Pennsylvania under 28 U.S.C. § 1404(a) for the convenience of the parties and
11 witnesses and in the interest of justice.

## II.    LEGAL STANDARD

28 U.S.C. § 1404(a) permits the court to transfer a case to another district "[f]or the convenience of parties and witnesses, in the interest of justice" when it "might have been brought" there originally. 28 U.S.C. § 1404(a).[1] The factors relevant to the Court's assessment of a motion to transfer under section 1404 are: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice. Los Angeles Memorial Coliseum Comm'n v. National Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981). The Court has broad discretion on a motion to transfer as long as it is "clear from the decision . . . that all relevant factors were carefully considered and weighed, including the giving of substantial weight to [plaintiff's] choice of forum." Northern Acceptance Trust v. Gray, 423 F.2d 653, 654 (9th Cir.), cert. denied, 398 U.S. 939 (1970).

---

[1] Where federal jurisdiction is based on diversity of citizenship, an action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(a). Because Defendant is a Pennsylvania corporation with its principal place of business in Terre Hill, Lancaster County, Pennsylvania (Setschinsky Decl., ¶ 2), this action may originally have been brought in Eastern District of Pennsylvania. Plaintiff does not dispute that Defendant's principal place of business is located in the Eastern District of Pennsylvania.

The burden is on the moving party to demonstrate that the balance of conveniences favor the transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Generally, "the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). In other words, "[t]he plaintiffs' choice of forum … should not be disturbed unless the balance of these factors tips decidedly in favor of a transfer." Ainbinder v. Potter, 282 F. Supp. 2d 180, 191 (S.D.N.Y. 2003). "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964).

### III. ANALYSIS

Defendant offers the following arguments in favor of transfer to the Eastern District of Pennsylvania: (1) little weight should be given to Plaintiff's choice of forum; (2) the convenience of the witnesses and parties favors the Eastern District of Pennsylvania; (3) all of Defendant's sources of proof are in the Eastern District of Pennsylvania; and (4) judicial economy and the interests of justice weigh in favor of transfer.   Each of those arguments is addressed in turn below.

#### A. PLAINTIFF'S CHOICE OF FORUM

Defendant argues that Plaintiff's choice of forum should be given little weight because the "transactions in this case all took place in Pennsylvania, where Plaintiff chose to solicit [Defendant's] business" and the "only connection with California is that Plaintiff's headquarters lies in the Northern District." Def.'s Mot. at 5-6. However, as noted by Plaintiff, the transaction at issue in Plaintiff's complaint is not the sale of the defective tires. Rather, the transaction at issue is the parties' TAL Settlement Policy, and Defendant's alleged breach of that agreement by failing to pay settlement amounts and return merchandise to Plaintiff, a California corporation. Defendant simply has not established that Plaintiff's choice of forum should not be given great weight.

### B.   CONVENIENCE OF THE WITNESSES AND PARTIES

Next, Defendant argues that there are several witnesses located in Pennsylvania and other East Coast states that observed the damage caused by Plaintiff's defective tires, including "defendant's experts who have already inspected the returned tires, [and] the individuals who were driving the trucks upon which these tires were installed." Def.'s Mot. at 6. Defendant asserts that "[t]hey were the first to observe the splitting and separation and blow outs." Id. Again, those witnesses do not pertain to Plaintiff's complaint, but rather to the underlying tire sale that is not currently at issue in this action. While Defendant contends that these witnesses may offer testimony in support of counterclaims and defenses it "will bring" (Def.'s Reply at 2), there is no indication in the record that Defendant has yet answered Plaintiff's complaint. Therefore, any argument relating to the scope or nature of Defendant's defenses or counterclaims, and the location of relevant witnesses, is purely speculative.

Furthermore, Defendant has not identified any Pennsylvania or East Coast witness that is expected to offer testimony relevant to the TAL Settlement Policy, the parties' negotiation efforts, and/or Defendant's alleged nonperformance. Accordingly, Defendant has failed to show that this action should be transferred for the convenience of the witnesses. See e.g., Ainbinder, 282 F. Supp. 2d at 191 (in action involving breach of a settlement agreement, denying motion to transfer venue from New York because "the most important witnesses almost certainly will be the parties themselves, and the plaintiffs are New York residents ….").

Defendant also has not established that the convenience of the parties favors transfer. Simply stated, Defendant argues that because Plaintiff traveled to Pennsylvania to solicit Defendant's business, it "can hardly object to traveling to Pennsylvania for the trial." Def.'s Mot. at 7. But again, Defendant fails to distinguish between the underlying sales transaction for the defective tires and the resulting settlement agreement. Defendant has not shown that Plaintiff, by entering into a settlement agreement, should have expected Pennsylvania to be the forum for any litigation arising under that settlement agreement.

**C.      LOCATION OF DEFENDANT'S SOURCES OF PROOF**

Defendant further argues that the source of proof for its defenses and counterclaims in this action is located only in Pennsylvania, because that is where the defective tires are being housed.  Id.  Defendant further contends that it "may choose to petition the Court to allow the jury to view the thousands of stored tires, so that the full effect of the defects and the enormity of the impact on the defendant's business may be appreciated."  Id.  Indeed, Defendant dedicates a majority of its reply brief arguing that the dispute between the parties goes "beyond the four corners of the TAL settlement agreement" and encompasses counterclaims by Defendant.  Def.'s Reply at 5.

Although not addressed by Plaintiff, this argument lacks merit.  As indicated, it does not appear from the record that Defendant has answered Plaintiff's complaint, and therefore, Defendant's anticipated defenses and counterclaims are not presently before the Court.  Accordingly, this factor does not weigh in favor of transfer.

**D.      JUDICIAL ECONOMY AND INTERESTS OF JUSTICE**

Lastly, Defendant argues that judicial economy weighs in favor of transfer because this action is in its early stages, and "California has little interest in protecting its citizens from the problems they encounter when they venture outside the state's borders to solicit business from residents of other states."  Def.'s Mot. at 8.  Moreover, Defendant argues that Pennsylvania has an interest in "protecting its citizens" from defective goods.  Id.  As it does throughout its entire motion, Defendant again attempts to confuse facts relating to the sales transaction with those pertaining to the settlement agreement.  Defendant has not offered any special local interest that Pennsylvania may have in enforcing the parties' settlement agreement.

In sum, Defendant has not demonstrated Plaintiff's choice of forum, which is to be given substantial deference, should be disturbed in this case.

**IV.    CONCLUSION**

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1.      Defendant's Motion to Transfer Venue is DENIED.

2. The hearing on Defendant's Motion to Transfer Venue scheduled for November 9, 2010 is VACATED.

3. A telephonic Case Management Conference is scheduled in this matter for **February 16, 2011 at 3:00 p.m**. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. This Order terminates Docket 6.

IT IS SO ORDERED.

Dated: 11/2/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge